Statement.
MONROE, J.
The transcript shows that, on October 24,1904, plaintiff ruled defendant to show cause why a release bond executed by him should not be decreed insufficient, and the property affected by it returned to the sheriff; that by judgment signed November 21, 1904, the rule was discharged; that on December 1, 1905, there was a trial, the whole story of which is told in the following minute entry, to wit:
“Offered in evidence by counsel for defendant in rule:
“(1) The original rule of October 24, 1904. The judgment of his honor, the judge, of November 21, 1904.
“Plaintiff in rule offers the following:
“(1) Act No. 71, p. 185, of the 1904 session of the Legislature of the state of Louisiana.
“(2) The certificate from the Secretary of State of July 5, 1905, to the effect that ‘the Title Guaranty Company of Scranton, Pa., having failed to make the deposit of $50,000, required by the laws of this state as a condition precedent to transacting business in the state, is no longer authorized to do business in Louisiana.’ To this offering, counsellor defendant objects on the ground that, under the pleadings, said evidence is inadmissible, no allegations having been made therein to sustain or to allow the admission of said evidence; that the judgment on the rule already offered in evidence is res judicata, and cannot be attacked collaterally, and, especially, as no allegations are made in this rule as to any change in the status of the above company since the trial of the first rule. By the Court: The objection is overruled, as going to the effect and not admissibility. Evidence closed in open court this 1st day of December, 1905.”
The court then rendered and signed a judgment dismissing the rule, and the plaintiff has appealed.
Opinion.
There is, in the transcript, so far as we are able to discover, but one pleading in the form of a rule, and that purports to have been filed on October 24, 1904, though it concludes, as follows:
“It is ordered that Walter I. Barton, administrator, do show cause on the 21st day of July, 1905, * • * why the orders granted by this honorable court on August 17, 1904, in the above entitled and numbered cause, and hereinafter referred to, should not be vacated, annulled and set aside, and why the release of said property from seizure and delivery of the same, by the sheriff, to the said Walter I. Barton, administrator, should not be annulled and set aside and the property again taken possession of by the said sheriff under the writ issued in this suit.
“At Chambers, Parish of Ascension, July 7, 1905.
“[Signed] Paul Léche, Judge.”
Save by the allegations of this instrument, we have no information concerning the “orders granted * * * on August 17, 1904,” and there Is no evidence in the record that the corporation mentioned in the certificate of the Secretary of State has signed any bond or is in any manner concerned in these proceedings.
Under these circumstances, we are unable to say that the judgment appealed from is erroneous, and the presumption • is to the contrary.
Judgment affirmed.